Larry ATKINS, Petitioner

v.

Commissioner Harold W. CLARKE,
Respondent.

Civil Action No. 08–30031–MAP.

United States District Court,
D. Massachusetts.

Nov. 4, 2009.

David Shaughnessy, Boston, MA, for Petitioner.

Amy L. Karangekis, Attorney General's, Office, St. Springfield, MA, for Respondent.

*MEMORANDUM AND ORDER WITH REGARD TO PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING (Document No. 15)*

NEIMAN, United States Magistrate Judge.

Presently before the court is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 ("section 2254") filed by Larry Atkins ("Petitioner") who, in Sep-

tember of 2004, was convicted in state court of unlawful possession of a firearm and ammunition without an identification card. The petition, along with Petitioner's related motion for an evidentiary hearing, have been referred to this court pursuant to 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72. For the reasons that follow, the court will deny the motion for an evidentiary hearing and establish a briefing schedule for the petition itself.

## I. BACKGROUND

On September 16, 2004, Petitioner was indicted by a Hampden County grand jury on two counts: (1) unlawful possession of a firearm in violation of Mass. Gen. L. ch. 269, § 10(a); and (2) unlawful possession of a firearm or ammunition without an identification card in violation of Mass. Gen. L. ch. 269, § 10(h). (Supplemental Answer ("S.A."), Vol. I at 115–18.) Following a jury trial, Petitioner was found guilty and sentenced to three to four years on each count, to be served concurrently. (*Id.* at 5.)

On February 10, 2006, Petitioner filed a timely notice of appeal with the Massachusetts Appeals Court ("Appeals Court"). (*Id.* at 5–6, 9.) On April 19, 2006, Petitioner filed a motion for a new trial pursuant to Mass. R.Crim. P. 30(b). (*Id.* at 7.) The Appeals Court then stayed Petitioner's direct appeal, pending the outcome of the new trial motion. (*Id.* at 9–10.) On January 31, 2007, the motion for a new trial was denied without a hearing and the Appeals Court then consolidated Petitioner's appeal from the denial of the motion for a new trial with his direct appeal. (*Id.* at 8, 10.)

Petitioner's arguments to the Appeals Court were as follows: (1) his trial counsel was ineffective; (2) error occurred and a substantial miscarriage of justice resulted from the trial judge's admission of a 911 call; and (3) the trial judge abused her discretion by failing to conduct an eviden-tiary hearing on the motion for a new trial. (*Id.* at 36.) On December 3, 2007, the Appeals Court affirmed Petitioner's conviction and denied his new trial motion. (*Id.* at 322.) Petitioner then filed an application for further appellate review by the Massachusetts Supreme Judicial Court ("SJC"), which was denied on January 31, 2008. (*Id.* at 12.)

Two weeks later, on February 13, 2008, Petitioner filed the instant petition for a writ of *habeas corpus.* The sole ground for relief alleged in the petition is ineffective assistance of counsel. Although District Judge Michael A. Ponsor dismissed the petition pursuant to Local Rule 41.1 on January 27, 2009, for want of prosecution, Petitioner thereafter filed a motion for reconsideration which was allowed.

On May 19, 2009, Petitioner filed his motion for an evidentiary hearing which was referred, along with the petition itself, to this court. Thereafter, this court established a briefing schedule which Petitioner then moved to reconsider. In his reconsideration motion, Petitioner requested that his motion for an evidentiary hearing be ruled on before merits-briefing; according to Petitioner, Respondent "will receive an unfair litigation advantage in that every aspect of [Petitioner's] arguments will have been disclosed" if the evidentiary hearing is not held first. (Pet'r's Motion Reconsider Sched. Order at 3.) After considering Petitioner's arguments, this court vacated the scheduling order and took Petitioner's motion for an evidentiary hearing under advisement.

## II. DISCUSSION

The question of whether to hold an evidentiary hearing has two parts. First, a court must decide whether a petitioner is statutorily barred by subsection (e)(2) of section 2254 from such a hearing. Assuming not, the court must next determine whether to exercise its discretion and hold

the hearing. As will be explained, the court believes that, even though Petitioner is not statutorily barred from an evidentiary hearing, he has not shown that he is entitled to one.

## A. Section 2254(e)(2)

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), severely limited the availability of evidentiary hearings in *habeas* cases. *See* 28 U.S.C. § 2254(e)(2). In pertinent part, the statute provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The seminal First Circuit case interpreting this part of section 2254–relied on by both parties—is *Teti v. Bender,* 507 F.3d 50 (1st Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1719, 170 L.Ed.2d 525 (2008). There, the court traced the history of evidentiary hearings in *habeas* proceedings, both pre-and post-AEDPA:

> Before AEDPA, judge-made law governed the decision whether to grant an evidentiary hearing. Under *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), district courts generally had discretion to grant such hearings when they deemed it appropriate. *Id.* at 318, 83 S.Ct. 745 ("In every case [the district judge] has the power, constrained only by his sound discretion, to receive evidence bearing upon the applicant's constitutional claim."). In some situations, an evidentiary hearing before the district court was mandatory: "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in state court, either at the time of the trial or in a collateral proceeding." *Id.* at 312, 83 S.Ct. 745. *Townsend* specified six situations which would necessitate a hearing under this standard, including a catch-all category for "any reason" the petitioner might not have received a full and fair hearing on the issue before a state court. *Id.* at 313, 83 S.Ct. 745.
>
> But *Townsend* was "significantly qualified by later case law and congressional action[,] leaving the circuit courts in some uncertainty about when new federal factfinding for state prisoners is appropriate."[1] *Bader* [*v. Warden* ], 488 F.3d [483,] 487 [ (1st Cir.2007) ]. There is debate post-AEDPA over whether evidentiary hearings are still mandatory in some circumstances, or whether they are simply within the district court

---

1. According to the First Circuit: "AEDPA did not change the standard for granting evidentiary hearings under [28 U.S.C.] § 2255, which applies to federal petitioners. This suggests that Congress intended 'to create a discrepancy between the (respectively, some-what narrower and broader) rights to a hearing in section 2254 and section 2255.' 2 Hertz & Liebman § 41.6d. This discrepancy underscores the principles of comity and federalism embodied in § 2254." *Teti,* 507 F.3d at 61 n. 4.

judge's discretion when not prohibited. Some courts have concluded that *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), and AEDPA only modified *Townsend*'s six categories of mandatory hearings, leaving the rest of *Townsend* intact. E.g., *Conaway v. Polk,* 453 F.3d 567, 582, 590 (4th Cir.2006); *Insyxiengmay v. Morgan,* 403 F.3d 657, 670 (9th Cir.2005); *Smith v. Bowersox,* 311 F.3d 915, 921 (8th Cir. 2002); *Matheney v. Anderson,* 253 F.3d 1025, 1039 (7th Cir.2001); *Miller v. Champion,* 161 F.3d 1249, 1253 (10th Cir.1998). And some commentators agree. *See* 1 Hertz & Liebman [*Federal Habeas Corpus Practice and Procedure*] § 20.1b [(5th ed. 2005)] ("Even after AEDPA ... *Townsend*'s mandatory-hearing standards ... continue[] to govern all situations save those in which the petitioner's procedural default accounts for the state courts' failure to develop the material facts."); W. La-Fave et al., *Criminal Procedure* § 28.7(c) (2d ed.2004). Indeed, the Advisory Committee Notes for Rule 8 of the Rules Governing § 2254 Cases, regarding evidentiary hearings, suggest that *Townsend* still applies except to the extent it is specifically superseded by § 2254(e)(2). The Third Circuit, on the other hand, has read AEDPA as rendering all evidentiary hearings purely discretionary. E.g., *Campbell v. Vaughn,* 209 F.3d 280, 287 (3d Cir.2000) ("AEDPA, unlike *Townsend* and *Keeney,* does not require that such a hearing be held. Instead, federal courts have discretion to grant [an evidentiary] hearing or not.").

*Teti,* 507 F.3d. at 60–62.

For its part, the First Circuit determined that federal habeas judges—"[a]t the least" and "where not explicitly prohib-

ited by" section 2254—"retain discretion to grant evidentiary hearings." *Id.* at 61 (citing Rules Governing § 2254 Cases, Rule 8(a), *Schriro v. Landrigan,* 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (AEDPA did not change the "basic rule" that "the decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts"), and *Guidry v. Dretke,* 397 F.3d 306, 323 (5th Cir. 2005)). "But," the court continued, "that discretion should be exercised in a restrained manner. As the Supreme Court noted in *Schriro,* Congress through AEDPA meant to curb delays and prevent retrials before habeas courts." *Id.* (citing *Schriro,* 550 U.S. at 474–75, 127 S.Ct. 1933, and *Pike v. Guarino,* 492 F.3d 61, 70 (1st Cir.2007), *cert. denied sub nom. Pike v. Bissonette,* 552 U.S. 1066, 128 S.Ct. 716, 169 L.Ed.2d 561 (2007)). The First Circuit also explained that "federal evidentiary hearings seeking to rehear issues addressed by the state courts 'ought to be the exception, not the rule.'" *Id.* (quoting *Pike,* 492 F.3d at 70). Accordingly, the court concluded, "Section 2254(e)(2)'s bar applies where there has been a 'lack of diligence' on the part of the petitioner or his counsel before the state courts." *Id.* at 60 (quoting *Williams v. Taylor,* 529 U.S. 420, 436–37, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000)). "Diligence," the court continued, " 'will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law.'" *Id.* at 62 (quoting *Williams,* 529 U.S. at 437, 120 S.Ct. 1479).[2]

■ Unlike the applicant in *Teti,* Petitioner here was diligent in pursuing his claims in state court. Specifically, he (1) argued ineffective assistance of counsel in his new trial motion filed pursuant to

---

**2.** In reaching this conclusion, the First Circuit did not resolve "the question of whether

federal habeas evidentiary hearings are ever mandated" in this jurisdiction. *Id.* at 61–62.

Mass. R.Crim. P. 30(b), (2) twice requested in that motion an evidentiary hearing, (3) provided affidavits by both his trial and current counsel, and (4) timely filed appeals to both the Appeals Court and the SJC. *See Fusi v. O'Brien*, 588 F.Supp.2d 158, 164 (D.Mass.2008) (finding diligence satisfied where petitioner presented supportive evidence at two separate hearings on his new trial motion and specifically requested an evidentiary hearing, even though that request was denied). *See also Pike*, 492 F.3d at 69 (court not statutorily barred from hearing evidence on *habeas* claims where petitioner provided affidavits in state court that "went directly to the merits of the claims that she later sought to pursue in federal court proceedings"). Accordingly, in the court's opinion, Petitioner is not statutorily barred from being granted an evidentiary hearing.

## B. *Discretion*

■ Even though there is no statutory bar, the court must still determine whether Petitioner has shown that this is an exceptional situation warranting an evidentiary hearing. *See Pina v. Maloney*, 565 F.3d 48, 54 (1st Cir.2009) (noting that the possibility of an evidentiary hearing is both "constrained in some instances by statutory restrictions" and "a [discretionary] choice that is often up to the district judge"). Petitioner, the court believes, has not made this showing.

■ While, as indicated, the court has discretion to grant evidentiary hearings in *habeas* cases, *Teti* sets out strict guidelines in this regard, *i.e.*, a petitioner "must point to specific facts ... that his allegations would entitle him to relief and the hearing is likely to elicit the factual support for those allegations." *Teti*, 507 F.3d at 62. And with particular regard to ineffective assistance of counsel claims, a petitioner "must allege more than that he received inadequate assistance; he must allege facts sufficient to overcome AEDPA deference to the state court's factfindings and legal conclusion to the contrary." *Id.* (citing *Schriro*, 550 U.S. at 474–75, 127 S.Ct. 1933, and *Bader*, 488 F.3d at 488).

■ In the court's opinion, Petitioner has not surmounted these high hurdles for obtaining an evidentiary hearing. He has not given any inkling what evidence he might produce at the hearing, or described in any way how that evidence might fit into his ineffective assistance of counsel claim, or pointed to specific facts that the hearing is likely to elicit support for his allegations, or, most significantly, posited how any such evidence would overcome the statute's deference to the state courts' factfindings and legal conclusions. *See* 28 U.S.C. § 2254(d). To be sure, Petitioner suggested—in a footnote to his motion to reconsider the scheduling order—that he would "provide the Court an *in camera, ex parte* proffer of the expected witness testimony should the Court so request." (Pet'r's Motion Reconsider Sched. Order at 3 n. 3.) This suggestion, however, is woefully deficient in light of the stringent discretionary standard articulated above. *See, e.g., Fusi*, 588 F.Supp.2d at 164 (finding insufficient petitioner's proffer to provide five named witnesses and their anticipated testimony because such evidence, even if true, would not establish ineffective assistance of counsel); *Ware v. O'Brien*, 2009 WL 1364811, at *7 (D.Mass. May 15, 2009) (holding that petitioner's desire for a hearing so as "to discover whether there is evidence in support of his claim, not to present evidence he reasonably believes exists[,] ... is an insufficient reason for an evidentiary hearing").

## III. Conclusion

For the reasons stated, Petitioner's motion for an evidentiary hearing is DENIED. Petitioner shall file his memo-

randum in support of his petition by December 7, 2009, Respondent shall file his opposition memorandum by January 7, 2010, and Petitioner may (but is not required to) file a reply memorandum by January 21, 2010.

IT IS SO ORDERED.